**DICKSTEINSHAPIRO**LLP

1633 Broadway | New York, NY 10019-6708
TEL (212) 277-6500 | FAX (212) 277-6501 | dicksteinshapiro.com

May 28, 2015

Honorable Gregory H. Woods
United States District Judge
Daniel Patrick Moynihan United State Courthouse
500 Pearl Street
New York, NY  10007-1312

Re:   *Robert Gingher v. Dickstein Shapiro, LLP, et al*, No. 15 CV 2706

Dear Judge Woods:

We represent defendants Dickstein Shapiro LLP ("Dickstein," or the "Firm"), Robert Dickerson, Jeffrey K. Sherwood, Steven Weisburd, Michael Nannes, James Kelly, and Deborah Skakel (collectively, the "Defendants") in the above-referenced case.  We write pursuant to your Individual Practices to request a pre-motion conference prior to moving to dismiss and for sanctions.

Plaintiff is a former attorney at Dickstein whose employment was terminated in February 2014.  Mr. Dickerson, Mr. Sherwood, Mr. Weisburd, Mr. Nannes, Mr. Kelly and Ms. Skakel (the "Individual Defendants") are or were partners at Dickstein during Plaintiff's employment with the Firm.  Plaintiff alleges that Defendants failed to pay him "earned bonuses" in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") (Compl. at 18-19), and failed to promote him to partner and terminated his employment in violation of the New York Executive Law (*id*. at 19-20).

As explained below, Plaintiff's FLSA claim is frivolous and should be dismissed under Fed. R. Civ. P. 12(b)(6).  Once that claim is dismissed, only the (equally frivolous) state-law claims will remain.  The Court should decline to exercise supplemental jurisdiction over those claims and instead dismiss them for lack of jurisdiction.  Finally, because Plaintiff's FLSA claim is without any legal or factual basis (Plaintiff simultaneously argues his work as a lawyer was so menial he is protected by the FLSA, yet so important that he should have been made partner) it violates Fed. R. Civ. P. 11, and the Court should sanction Plaintiff's counsel under that Rule.

I.     PLAINTIFF FAILS TO STATE A CLAIM UNDER THE FLSA

It is well settled that "[t]he FLSA statute requires payment of minimum wages and overtime wages only; therefore, the FLSA is unavailing where wages do not fall below the statutory minimum and hours do not rise above the overtime threshold." *Nakahata v. New York–*

**DICKSTEIN**SHAPIRO LLP

Honorable Gregory H. Woods
May 28, 2015
Page 2

*Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013) (emphasis added) (citations omitted).  Plaintiff, however, does not allege Defendants failed to pay him the minimum wage or overtime, and he does not seek such payments (and such a claim would be absurd as he alleges he was paid $291,000 a year (Compl. ¶ 114)).  Instead, Plaintiff asserts Defendants violated the FLSA by failing to pay him bonuses -- specifically, a $100,000 bonus for 2013 (Compl. ¶ 85), and apparently certain other unspecified bonuses in earlier years (*id*. at 18).  A claim for a bonus not tied to minimum wage or overtime is not available under the FLSA, and Plaintiff's FLSA claim must therefore be dismissed.  See *Nakahata*, 723 F.3d at 201 (affirming dismissal of FLSA claim seeking compensation other than minimum wage and overtime).[1]

Moreover, Plaintiff's own allegations make clear that the FLSA does not apply to him at all.  It is beyond dispute that attorneys engaged in the practice of law are exempt from the FLSA.  *See* 29 C.F.R. § 541.304(a)(1); *see also Lola v. Skadden, Arps, Slate, Meagher & Flom LLP*, No. 13–cv–5008 (RJS), 2014 WL 4626228, at * 14 (S.D.N.Y. Sept. 16, 2014) (dismissing FLSA claim brought by lawyer because lawyers practicing law are exempt).  Not only does Plaintiff allege he is an attorney practicing law, the very premise of his discrimination claim is he was such a stellar lawyer, that Dickstein should have promoted him to partner.  (Compl. ¶ 103.)  Therefore, his claim that he is a nonexempt employee subject to the FLSA (*id*. ¶ 8) is frivolous.

## II. PLAINTIFF'S STATE-LAW CLAIMS SHOULD BE DISMISSED FOR LACK OF JURISDICTION

After the Court dismisses the FLSA claim, the only possible basis for jurisdiction over the remaining state claims would be diversity jurisdiction under 28 U.S.C. § 1332, or supplemental jurisdiction under 28 U.S.C. § 1367.  However, here there is no diversity, because both Plaintiff and two of the Individual Defendants (Ms. Skakel and Mr. Weisburd) are residents of New York (*see* Dkt. #2, at 2.)  *See Hallingby v. Hallingby*, 574 F.3d 51, 56 (2d Cir. 2009).[2]

Although the Court has discretion to exercise supplemental jurisdiction over state claims, doing so would be inappropriate where, as here, the federal claim is dismissed early and there are no "exceptional circumstances" favoring the exercise of jurisdiction.  *See Orenbuch v. Leopold, Gross & Sommers, P.C.*, 586 F.Supp.2d 105, 108 (E.D.N.Y. 2008) ("'[A]bsent exceptional circumstances,' where federal claims are dismissed pursuant to Rule 12(b)(6), courts should

---

[1] Plaintiff's misunderstanding of the FLSA is clear by his citation of 29 C.F.R. § 778.211(c) as the basis for his claim.  (*See, e.g.,* Compl. ¶¶ 10-11.)  That regulation is contained in a subpart of the C.F.R. entitled "Payments That May Be Excluded From the 'Regular Rate,'" and the regulation states that certain bonuses must be included in an employee's regular rate of pay for the purposes of calculating the overtime rate due to a nonexempt employee.  It has nothing to do with payment of bonuses generally, or payments to exempt employees.

[2] Plaintiff falsely alleges "there is complete diversity of citizenship between the parties.  (Compl., at 1.)  Although he declines to allege the citizenship of the parties in the Complaint, his own civil cover sheet states that Plaintiff, Ms. Skakel, and Mr. Weisburd all live in New York.

**DICKSTEIN**SHAPIRO LLP

Honorable Gregory H. Woods
May 28, 2015
Page 3

'abstain from exercising pendent jurisdiction.'") (*quoting Walker v. Time Life Films, Inc.*, 784 F.2d 44, 52 (2d Cir. 1986)).[3]

### III.    PLAINTIFF'S COUNSEL SHOULD BE SANCTIONED UNDER RULE 11

"Rule 11 sanctions are appropriate if: the legal contentions contained in a writing are frivolous; or the factual contentions therein do not have evidentiary support." *Smith v. Westchester County Dept. of Corrections*, No. 07 Civ. 1803(SAS), 2013 WL 5192751, at * 4 (S.D.N.Y. Sept. 16, 2013).  "Sanctions should be imposed where it is patently clear that a claim has absolutely no chance of success." *Id*. (internal quotation marks omitted).

As discussed above, Plaintiff's FLSA claim is completely frivolous, if not outrageous, on its face.  It seeks wages that are unavailable under the law (a bonus – not minimum wage or overtime), on behalf a person who is clearly exempt from the statute's protections.  Moreover, many of the factual allegations lack evidentiary support or are contradicted by other allegations.  To take just two examples, Plaintiff simultaneously pleads he is nonexempt (Compl. ¶ 8) and an attorney who should have made partner, and falsely claims there is "complete diversity of citizenship" between the parties (*id.* at 1), while providing New York addresses for himself and two Defendants (Dkt. #2).  His Complaint ignores applicable law and wastes this Court's time.  For these reasons, Defendants submit that Rule 11 sanctions are warranted.

Respectfully submitted,

*/s/ Dawn Rudenko Albert*

Dawn Rudenko Albert
(212) 277-6715
albertd@dicksteinshapiro.com

---

[3] If the Court is inclined to exercise jurisdiction over the state claims and address their merits, Defendants will move to dismiss the claims under Rule 12(b)(6).  As to the NYLL claim, Plaintiff does not specify what section of the NYLL he thinks Defendants violated -- presumably, it is section 193, which requires payment of wages upon termination of employment.  However, that claim fails because professional employees like Plaintiff who earn at least $900 per week are not covered by that statute.  *See Eden v. St. Luke's-Roosevelt Hosp. Ctr.*, 947 N.Y.S.2d 457, 459 (N.Y. App. Div. 2012).  At base, Plaintiff's discrimination claim is no more than the sort of "false syllogism" -- "(1) I am (insert name of a protected class); (2) something bad happened to me at work; (3) therefore, it happened because I am (insert name of protected class)" -- which courts routinely dismiss under Fed. R. Civ. P. 12(b)(6).  *Acosta v. City of New York*, No. 11 Civ. 856(KBF), 2012 WL 1506954, * 4 (S.D.N.Y. April 26, 2012) (internal quotation marks and citation omitted).