```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

ROBERT GINGHER ,

              Plaintiff,

       v.                               15 CV 2706 (GHW)

DICKSTEIN SHAPIRO, LLP, ET
AL.,

              Defendants.

------------------------------x
                                        New York, N.Y.
                                        June 2, 2015
                                        10:06 a.m.

Before:

                  HON. GREGORY H. WOODS

                                          District Judge

                       APPEARANCES

SCOTT M. MISHKIN
     Attorney for Plaintiff

DEBORAH KELLY
     Attorney for Defendants
```

1           (In open court)

2           (Case called)

3           MS. KELLY:  Deborah Kelly for Dickstein Shapiro.

4           MR. MISHKIN:  Good morning, Judge.  My name is Scott

5   Michael Mishkin.  I'm here for plaintiff, Robert Gingher.

6           THE COURT:  Good morning.  So we're here for an

7   initial pretrial conference in this matter.  There is also a

8   pending request for a conference with respect to the

9   defendants' proposed motions to dismiss and for sanctions.  I

10  will turn to that in due course.

11          What I'd first like to do is to do what I do in all

12  initial pretrial conferences, which is to afford the parties an

13  opportunity to describe for me or provide me with a brief

14  outline of the case and to highlight any issues of particular

15  importance that we'd like to highlight.

16          So I'm going to turn to you first, Mr. Mishkin, to

17  allow you the opportunity to do so.  Understand that I've read

18  the complaint and the other materials that have been submitted

19  today.

20          Proceed.

21          MR. MISHKIN:  Thank you, Judge.

22          It's plaintiff's position that, number one, he was

23  discriminated against based upon his sexual orientation as

24  you're aware, as pled, his gender, and his age in that younger

25  similarly situated protected classes, if you will, were

1     promoted to partner and plaintiff was not, where he had more
2     qualifications, he's alleging, than they did and was actually
3     told by defendant that they're looking to go in a diverse way
4     and he's not going to make the partnership and he was shortly
5     thereafter terminated.
6             THE COURT:  Thank you.  By sexual orientation what are
7     you referring to?
8             MR. MISHKIN:  There were individuals that were
9     promoted that were gay or lesbian, if you will, and my client
10    is not.
11            THE COURT:  Thank you.
12            MR. MISHKIN:  Also, your Honor.  Of course we're here
13    on the bonus issue pursuant to the FLSA, and it was -- my
14    interpretation of the FLSA was that plaintiff, you know, as a
15    practicing attorney was exempt from claiming a FLSA claim.
16    However, based upon the regulations and the case law when
17    defendants gave him his discretionary bonus interpreted the
18    statute and its regulations to provide argument that defendant
19    waived or was estopped from bringing the claim as exemption
20    under the FLSA and he didn't get his bonus.  The bonus that was
21    given to him by defendants turned out to be discretionary
22    because it wasn't his entire bonus.  So that's the underlying
23    claim for the FLSA.  But I know you were going to approach the
24    other issue but if I may address it now because I'm speaking,
25    your Honor?

1              THE COURT:  Which issue is that, sir?

2              MR. MISHKIN:  The issue of the motion to dismiss

3    because it falls within my claim of the FLSA.

4              THE COURT:  Thank you.  I'd like to hear from the

5    defendant first and then we'll have ample opportunity to

6    discuss your arguments regarding the FLSA.

7              While you are in the middle of your presentation,

8    though, if I can, Mr. Mishkin, can you please explain to me the

9    basis for your claim that diversity jurisdiction exists in this

10   case.

11             MR. MISHKIN:  Yes, your Honor.

12             The defendant is a Washington, D.C. corporation, of

13   course, and the majority of the defendants, including the

14   individual defendant that told plaintiff they were looking for

15   diversity and not promoting him to partner, were in Washington,

16   D.C.

17             THE COURT:  I'm sorry.  You just said two things that

18   do not make sense to me.  You said that Dickstein Shapiro is a

19   Washington -- is a corporation and you said that the people

20   were located in D.C.  The issue, of course, with respect to

21   diversity jurisdiction is residence.  Can you please make your

22   comment again with reference to the correct legal terminology.

23             MR. MISHKIN:  Yes.  The individual defendants reside

24   in Washington, D.C. and the corporation principal place of

25   business is in Washington, D.C.  The two named defendants for

1   the resident in New York has to be cured and the complaint has
2   to be amended.
3            THE COURT:  Pardon me.  Would you please state that
4   again.
5            MR. MISHKIN:  Yes, Judge.
6            The named defendants reside, the majority of them
7   reside in Washington, D.C.  And the corporation, the principal
8   place of business and conducts business in Washington, D.C.
9   The two named defendants that reside in New York that were
10  named in this case should not be included in the complaint and
11  we're looking, of course, to request leave from your Honor to
12  amend the complaint to cure that as well as other issues in the
13  complaint.
14           THE COURT:  So, can I restate what you've just said to
15  make sure I understand it?
16           MR. MISHKIN:  Yes, Judge.
17           THE COURT:  Under the complaint as filed diversity
18  jurisdiction does not exist because it names defendants who are
19  not diverse as to the plaintiff; is that correct?
20           MR. MISHKIN:  Yes, Judge.
21           THE COURT:  So diversity jurisdiction does not exist
22  with respect to the complaint as filed; is that correct?
23           MR. MISHKIN:  Yes, Judge.
24           THE COURT:  Thank you.
25           Can I please turn to you, counsel, for your review of

1    the case?

2              MS. KELLY:  Yes, your Honor.  We ask the Court's
3    permission to file a motion to dismiss because we believe this
4    case is an effort to bootstrap its way into federal court on
5    the basis of a federal law that absolutely does not apply to
6    someone who is functioning as a lawyer.  Indeed the complaint
7    here is that Mr. Gingher was functioning at such a high level
8    that he deserved to be a partner.  And it is quite clear in
9    this Second Circuit that a -- the only thing he seeks here is a
10   bonus and there's clear law in the Second Circuit what the
11   Federal Labor Standards Act applies to minimum wage and
12   overtime, neither of which Mr. Gingher seeks.  And it is black
13   letter law that lawyers are exempt under the FLSA so he could
14   not be seeking either of those.  And that is so apparent that
15   the counsel's effort even in his opposition brief, which we
16   just received, and his papers that we just received, he states
17   legal fiction which is that if you give someone a bonus that's
18   discretionary it transports an exempt employee into being a
19   nonexempt employee.  There is no such law.  That would make
20   every CEO in the company automatically eligible for protection
21   under the FLSA.  And the cases he cites have nothing to do with
22   the facts of this matter.  Bonuses are relevant when someone is
23   eligible for overtime, and they should be calculated in the
24   regular rate of pay.  That has nothing to do with this case.
25   That has nothing to do with what even he claims.

1          The second matter your Honor has already addressed
2    which is when this complaint was filed the coversheet showed
3    that plaintiff's counsel knew well that two of the defendants
4    resided in New York nonetheless asserted in the complaint that
5    there was diversity jurisdiction which doesn't exist here.
6          So because this is -- we will move to dismiss on the
7    grounds that the FLSA absolutely doesn't apply according to the
8    law of this jurisdiction.  There is no diversity.  Even if
9    counsel amends this pleading to eliminate diversity, that
10   doesn't cure the flagrant use of the FLSA to be applied to an
11   attorney who thinks he should be a partner in a firm who comes
12   here arguing that he didn't get a bonus.
13         THE COURT:  Thank you.
14         Mr. Mishkin.
15         MR. MISHKIN:  Yes, Judge.
16         Plaintiff understands defendants' argument, of course,
17   and respects it and as put forth in their premotion letter and
18   the argument today and as I responded to same.  But, your
19   Honor, plaintiff's position respectfully requests that in lieu
20   of granting defendants' request to submit a motion to dismiss
21   that plaintiff be granted an opportunity for leave to amend his
22   complaint within 21 days as of today.
23         Plaintiff's intentions are not frivolous, Judge, and
24   believes his causes of action had merit and creates a civil
25   cause of action and that the complaint contains sufficient

1  factual matter to state a claim for relief.  And with that, in
2  order to streamline this, if you will, without having to brief
3  a motion and such pursuant to your judge's individual rules
4  respectfully stating that once a motion to dismiss is submitted
5  I believe opposing counsel has 21 days to amend, I would
6  respectfully request that period now to amend the complaint,
7  your Honor.
8         THE COURT:  Thank you.  Let us discuss that in the
9  proposed motion to discuss momentarily.
10        I'd like to give you an opportunity, Mr. Mishkin, to
11 describe to me and to address the arguments made in your letter
12 to me dated June 1.  You write:  "Specifically, defendants paid
13 plaintiff a discretionary bonus in 2013 which in and of itself
14 now excludes defendants from claiming plaintiff's bonus was
15 nondiscretionary and that plaintiff's FLSA claim fails."
16        First, I question your word choice.  Excludes does not
17 appear to be the word you're seeking to use.  Second, an
18 apostrophe after an S is used when you're describing a
19 possessive.  Excludes defendants from claiming.  But apart from
20 those grammatical and typographical errors in that paragraph
21 it's not apparent to me what the legal basis is for your
22 argument.
23        Would you please describe to me the basis for your
24 argument that -- I assume you mean to say that the payment of
25 the bonus precludes defendants from claiming plaintiff's bonus

1       was nondiscretionary and why it is that that's meaningful under
2       the law.
3                  MR. MISHKIN:  Thank you, Judge.
4                  Based upon the argument and what I've read since I
5       wrote that I've come to realize that plaintiff would have had
6       to have been subject to the FLSA for minimum wage and overtime
7       in order for a discretionary bonus to allow him to claim -- to
8       allow him to be precluded from exemption under the FLSA.
9       Specifically 788.211(b)(c).
10                 THE COURT:  I'm sorry would you please tell me that
11      reference again.
12                 MR. MISHKIN:  CFR 788(b) and (c), your Honor.
13                 THE COURT:  What title of the CFR?
14                 MR. MISHKIN:  29, your Honor.  And that speaks on
15      discretionary bonuses.  And under (b) of that, if the bonus is
16      discretionary it's not considered the regular rate of pay and
17      therefore the bonus is not considered to be part of overtime
18      and is separate and apart.
19                 THE COURT:  I'd like to hear more about that.  In your
20      paragraph you say that defendants paid plaintiff a
21      discretionary bonus which in and of itself now excludes
22      defendants from claiming plaintiff's bonus was
23      nondiscretionary.  Would you please just tie this two comments
24      together.
25                 MR. MISHKIN:  Yes, Judge.

1         Defendants paid plaintiff, by their discretion, if you
2    will, a portion of a bonus of $42,000 when he was owed on or
3    about $100,000.  So that was my argument, to make it
4    discretionary, because plaintiff didn't agree to it.  Thereby,
5    under 788.211, my argument was that it made it discretionary.
6    But as I've stated to the Court that statute only would apply
7    if my client was claiming minimum wage or overtime under the
8    FLSA.  I can't use the statute here because the first prong
9    isn't met.  That's my understanding.
10             THE COURT:  Thank you.
11             Before I explore further the points made in your
12   letter dated June 1, yesterday, am I understanding correctly
13   that you are no longer asserting that there is a viable basis
14   for this claim under the FLSA?
15             MR. MISHKIN:  Yes, Judge.
16             THE COURT:  Thank you.  So you expect to withdraw your
17   claim under the FLSA under any amended complaint?
18             MR. MISHKIN:  Yes, Judge.
19             THE COURT:  Thank you.  I was prepared to spend
20   additional time on your arguments, Mr. Mishkin.  I read the
21   case that you pointed me to, Callari v. Blackman Plumbing
22   Suppliers, Inc., which you cite for the proposition that the
23   plaintiff can waive an FLSA claim.  First, your citation
24   reference was incorrect in your letter to me.  Second, it was
25   wholly inapparent to me how it was that the waiver discussed in

1  that case could be applicable in this case.  It was a reference
2  to, I believe you were referring to the discussion in that case
3  to a waiver that was based on statutory provision that the
4  Court described as required to be expressed.  Perhaps there is
5  an additional reference to waiver in that case that was not
6  apparent to me.  I will say that the case that you cited to me
7  did not clearly support your position.
8           I appreciate the fact that you've now reconsidered
9  your position between the date that you sent me this letter,
10 yesterday, and today.  So I will not explore it further except
11 that I do review the legal positions presented to me by counsel
12 and yesterday you sent me an argument that you now acknowledge
13 was flawed.
14          MR. MISHKIN:  Yes, Judge.
15          THE COURT:  So, Mr. Mishkin, I will continue to
16 remember that as we proceed in this case.
17          MR. MISHKIN:  Thank you.
18          THE COURT:  So, Mr. Mishkin.  Let's discuss
19 jurisdiction again.  As I understand it, you do not intend to
20 pursue a claim under the FLSA and any amended complaint.  What
21 would be the basis for jurisdiction with respect to any amended
22 complaint in my court as opposed to a state court which has
23 capacity to hear cases between people who are not diverse that
24 arise under state law?
25          Proceed.

1            MR. MISHKIN:  Thank you, Judge.  It would be complete
2    diversity jurisdiction, your Honor.
3            THE COURT:  The basis being?
4            MR. MISHKIN:  The defendants are residents
5    out-of-state and the corporation is out-of-state.
6            THE COURT:  Thank you.
7            Mr. Mishkin, are you aware of the Supreme Court's
8    holding in Hertz with respect to the citizenship of Limited
9    Liability Partnerships and LLCs?
10           MR. MISHKIN:  No, Judge.  I will become aware of it.
11           THE COURT:  As you research that you will discover, I
12   expect, that the citizenship of a Limited Liability Partnership
13   and a Limited Liability Company is not the citizenship of the
14   state of organization of that entity but rather the citizenship
15   of each of its partners or members.  So as you are asserting
16   diversity jurisdiction with respect to the global law firm of
17   Dickstein Shapiro LLP, to the extent that you seek diversity
18   jurisdiction in this court, you will need to make appropriate
19   allegations regarding the citizenship of that entity in
20   accordance with the very long-established, clear-cut law that
21   governs in this area that you are unaware of.  So to the extent
22   that you, in reviewing this matter, Mr. Mishkin, conclude that
23   you do not have a basis for diversity jurisdiction and that you
24   do not have an FLSA claim as you've already conceded, you may
25   wish to consider pursuing this case in a court that has

1    jurisdiction over your client's claims.
2            MR. MISHKIN:  Thank you.
3            THE COURT:  That will be your and your client's
4    decision.
5            MR. MISHKIN:  Thank you, Judge.
6            THE COURT:  Thank you.
7            Good.  Now, with respect to the motion to dismiss.  As
8    I understand it, Mr. Mishkin wishes to amend the complaint and
9    he, of course, has the right and opportunity to do so.  I'd
10   like to set a schedule for that.  Of course, under the rules,
11   Mr. Mishkin, you have 21 days after the date of a responsive
12   pleading for a motion to dismiss to amend your complaint as a
13   matter of course.  That's Rule 15(a)(1)(B), as you're aware.
14   In other cases, a party may amend a pleading only with the
15   opposing party's written consent or with the Court's leave.
16   That's provided under Rule 15(a)(2).
17           So, Mr. Mishkin, what I'm going to do is accept your
18   proposal after I've heard from counsel for the defendants to
19   allow you the opportunity to amend your complaint in this court
20   should you seek to continue to pursue this action in this
21   court.  I'm going to, under the authority of Rule 16, establish
22   a date by which any amendments must be completed.  That order,
23   I understand, which I'm going to enter under Rule 16, will
24   provide a clear-cut deadline for amendments as a matter of
25   course.  And I would not expect to grant additional leave to

```
 1   amend the complaint absent exceptional circumstances.  You are
 2   aware of the expected arguments of defendants, although you'll
 3   have the opportunity to discuss this process should the case
 4   proceed in this court going forward.
 5            Mr. Mishkin, before I turn to your colleague with
 6   respect to her views on the proposal can I ask you how much
 7   time you need to amend your complaint and to file the amended
 8   complaint?
 9            MR. MISHKIN:  Can I have -- I'm requesting 21 days,
10   Judge.
11            THE COURT:  Thank you.  Would you mind, please,
12   summarizing for me the anticipated changes to the complaint.
13            MR. MISHKIN:  Removal of the FLSA causes of action,
14   pleading correctly the diversity and the removal of the two
15   individuals with the citizenship issue, and possibly adding a
16   cause of action under New York City administrative code because
17   my client did work here in New York.  That's it, Judge.
18            THE COURT:  Good.  Thank you very much.
19            Counsel can I turn to you with your views with respect
20   to the plaintiff's requests at this point.
21            MS. KELLY:  Yes, your Honor.  I think what plaintiff
22   has said today -- it's difficult but it shows that had we had
23   an opportunity to file for Rule 11, this is it.  He's filed a
24   claim, had plenty of opportunity.  We've had phone discussions
25   and still as of yesterday persisted in creating a legal fiction
```

1   argument on a statute that doesn't apply and diversity that
2   doesn't exist.  Now I don't know what's left because when you
3   take away diversity and you take away the federal case, why are
4   we here wasting the federal court's time when we should be in
5   the New York Supreme Court.  So I fear we're going to be back
6   here again because I have no idea what this thing will look
7   like that gets submitted because there is no federal anything
8   here, your Honor.
9           THE COURT:  Good.  Thank you very much.
10          So do you have a view with respect to the 21-day
11  window that Mr. Mishkin has requested to file his amended
12  complaint?
13          MS. KELLY:  No, other than what I've said, I can't
14  imagine what it will be.  No, the date doesn't trouble us.
15          THE COURT:  Thank you very much.
16          So, Mr. Mishkin, I'm going to grant your request.  And
17  I'm going to grant you leave to the extent that I'm required to
18  do so to file your amended complaint.  Any such amended
19  complaint must be filed no later than 21 days from today which
20  would be Tuesday, June 23.
21          In the interim, Mr. Mishkin, let me recommend to you
22  that you review the law that applies to diversity actions,
23  required showings and pleadings.  To the extent that you are
24  unable to affirm as required to as counsel pursuant to Rule 11
25  that the materials that you present to this Court are, in the

F629GINC

1   words of the rule:  Not being presented for any improper
2   purpose such as to harass, cause unnecessary delay or
3   needlessly increase the cost of litigation.  Certification of
4   the claims and other legal contentions are warranted by
5   existing law or by nonfrivolous argument for extending,
6   modifying or reversing existing law, and that the factual
7   contentions have evidentiary support.
8          You will review Rule 11.  You will review the law that
9   relates to diversity actions and the jurisdiction of this court
10  given that there is no federal question.  And if you find that
11  there is a valid basis for pleading diversity jurisdiction in
12  this case, having done that work, you should of course feel
13  free to do so.
14         If, however, in your review you determine that this is
15  not the appropriate forum to pursue this -- in which to pursue
16  this action you, of course, are free to dismiss the action
17  under Rule 41(a)(1)(A)(i) because the defendants have not yet
18  answered and to pursue your case in another forum.
19         If you choose to proceed we will have another initial
20  pretrial conference following your submission of the amended
21  complaint and we'll proceed apace.  Good.
22         Is there anything else that we should discuss with
23  respect to this matter?
24         Mr. Mishkin?
25         MR. MISHKIN:  No, Judge.

F629GINC

1            THE COURT:  Thank you very much.
2            MS. KELLY:  No, your Honor.
3            THE COURT:  Thank you very much.
4            With that we are adjourned.
5            (Adjourned)
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25